UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20362-Cr-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EMANUEL DIAZ,

    Defendant.
_____/



## REPORT AND RECOMMENDATION ON DEFENDANT'S ATTORNEY DAVID S. MARCUS' CJA VOUCHER

THIS CAUSE is before the Court on the Order [DE 143] referring attorney David S. Marcus' CJA voucher for $8,517.60 for 67.6 hours of legal work, which is not above the $9,800 statutory maximum. However, since attorney Marcus is the fourth CJA attorney appointed to represent the Defendant [DE 125], the combined fees are above the statutory maximum. The attorney requests authorization to have the statutory maximum waived pursuant to 18 U.S.C. Section 3006A(d)(3) for extended or complex cases.

A request for funding of expenses beyond the proscribed limits requires that the Defendant make a strong showing of necessity. *See United States v. Gonzalez*, 810 F.2d 1538, 1545 n.16 (11th Cir. 1987); *United States v. Davis*, 582 F.2d 947, 941-52 (5th Cir.), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979).

This Court has reviewed the letter submitted by attorney Marcus, the CJA voucher, and the record in the case. The Defendant is charged with receipt and possession of child pornography [DE 72], carrying a mandatory minimum sentence of five years imprisonment. The

case involved a forensic review of Defendant's computer seized during a court-authorized search. Defendant had filed a motion to suppress wherein he asserted that the police entered his home prior to the time allowed in the search warrant. [DE 77]. The motion was later withdrawn after records were turned over corroborating that the search was conducted timely. [DEs 82, 90].

Attorney Diaz was appointed after 3 previous CJA attorneys and the Federal Public Defender's Office were terminated from representing the Defendant.[DE 125]. Due to the inefficiencies of appointing successive CJA attorneys to a case, and the problems inherent in representing a Defendant under such complex and extended circumstances, this Court finds that attorney Marcus' time spent on the case was reasonable and necessary for effective representation of the Defendant and for the proper administration of justice.

The Court **RECOMMENDS** that the District Court preliminarily approve the total compensation claimed and certify to the Chief Judge of the Eleventh Circuit that the amount of the CJA voucher is necessary to provide fair compensation for services of an unusual character and duration pursuant to 18 U.S.C. Section 3006A(d)(3).

**DONE and SUBMITTED** this May 19, 2015, at West Palm Beach, Florida.

*James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Robin L. Rosenberg
Clerk of Court
Attorney David S. Marcus